IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROCCO, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1497 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| ANTHONY BODAMI, an individual, | ) | |
| and TITAN INDUSTRIES, LLC, | ) | |
| a New York Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

**I.  INTRODUCTION**

Presently before the Court is Jason Rocco's (hereinafter "Plaintiff") Motion in Limine to preclude the proffered video testimony of Dr. Stuart S. Burstein who conducted an independent psychiatric exam of Plaintiff on October 29, 2009 (Docket No. 54). Anthony Bodami and Titan Industries, LLC (hereinafter "Defendants") seek to admit the deposition testimony of Dr. Burstein. Plaintiff argues that the testimony of Dr. Burstein should be excluded pursuant to Federal Rule of Evidence 403, as any probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. (Docket No. 54 at ¶ 11). Defendants submit that Dr. Burstein's testimony is both relevant and highly probative regarding their rebuttal to Plaintiff's impaired future earnings claim. (Docket No. 72). Upon consideration of these submissions, Dr. Burstein's report dated October 29, 2009 (Docket No. 52-4), Dr. Burstein's deposition testimony

1

(Burstein Depo. Aug. 19, 2010), and after hearing oral argument from counsel at the Pretrial Conference held on September 13, 2010, Plaintiff's Motion in Limine [54] is GRANTED, IN PART and DENIED, IN PART. Plaintiff's motion is granted to the extent that Dr. Burstein will be permitted to testify via videotaped deposition, but his testimony will be limited as set forth herein.

## II. LEGAL STANDARD

Before a court determines if evidence should be precluded on the basis of Rule 403, the evidence must be deemed relevant pursuant to Federal Rule of Evidence 401 and admissible under Rule 402. Under Rule 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 402, "all relevant evidence is admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir. 1996).

If the Court determines that the evidence is relevant and proffered for a proper purpose, the Court must then evaluate the evidence under Rule 403. Rule 403 provides that: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002). "In balancing, the proper equation places on one side the maximum reasonable probative force for the offered evidence, while the other side of the equation should include the likely prejudicial impact of the evidence.'" *Id*. at 1344 (citing *Federal Rules of Evidence Manual* 242 (Stephen A. Saltzburg et al. eds., 7th ed. 1998).

As such, "evidence may be excluded if its probative value is not worth the problems that its admission may cause." *Id*. at 1343. As the Third Circuit has noted: "A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *United States v. Eufrasio*, 935 F.2d 553, 572 (3d Cir. 1991).

**III. DISCUSSION**

Plaintiff has brought a negligence claim arising out of an automobile accident and Defendants have stipulated to liability. Therefore, only causation and damages are at issue in the instant case. Plaintiff avers in his Complaint that he is seeking damages for physical and mental pain, incurred medical expenses, inconvenience in carrying out daily activities, and loss of life's regular pleasures and enjoyment. (Docket No. 1 ¶ 12). Furthermore, Plaintiff seeks damages for disability, limitations, humiliation, lost wages, and other damages available to him. *Id*. at ¶ 22. Plaintiff is not seeking damages for a diagnosed psychiatric illness (Docket No. 54 at ¶ 2). Moreover, Plaintiff through his counsel reiterated the extent of this damage claim at the Pretrial Conference held on September 13, 2010.

Having reviewed Dr. Burstein's report dated October 29, 2009 (Docket No. 52-4), Dr. Burstein's deposition testimony (Burstein Depo. Aug. 19, 2010), and as a consequence of Plaintiff's decision to forego damages based on a diagnosed psychiatric illness, this Court concludes, after performing the balancing test as set forth in Rule 403, that Dr. Burstein's testimony regarding the following topics are not pertinent to Plaintiff's claim and, if admitted, would be unfairly prejudicial to the Plaintiff. *See McKenna*, 582 F.3d at 461. As such, Dr. Burstein shall not testify regarding: (1) Plaintiff's alleged marital conflicts; (2) the diagnosis given to Plaintiff by the Veteran's

3

Administration psychologist of an adjustment disorder with depressed mood; (3) the Protection From Abuse claim and 302 involuntary hospitalization form filed by Plaintiff's former wife in 2007; (4) drug therapy related to involuntary hospitalization; (5) Plaintiff's alleged alcohol abuse from late 2006 through early 2007; and (6) Plaintiff's emotional complaint to a Veteran Administration officer regarding marital discord and anger issues two weeks prior to the accident giving rise to this legal action.

This Court further holds that the remaining testimony of Dr. Burstein is relevant to the instant case and that the possibility of unfair prejudice does not substantially outweigh its probative value. Therefore, Dr. Burstein may testify regarding: (1) his own background, education, and experiences; (2) the documents he reviewed in preparation of his report dated October 29, 2009, to the extent they are not precluded by this Memorandum Order; (3) statements made by Plaintiff to Dr. Burstein during said evaluation; and (4) Dr. Burstein's own diagnoses and conclusions based on his independent psychiatric evaluation of Plaintiff.

### IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion in Limine [54] is GRANTED, IN PART and DENIED, IN PART. Plaintiff's motion is granted to the extent that Dr. Burstein will be permitted to testify via videotaped deposition, but his testimony will be limited as set forth herein.

It is further ORDERED that:

1. Plaintiff's objections to the following portions of the trial deposition of Dr. Stuart S. Burstein are SUSTAINED: page 12, lines 13-20; page 13, lines 11-24; page 17, lines 10-17; page 18, lines 7-25; page 19, lines 1-25; page 20, lines 1-6 and lines 17-18; page 41, line 15 starting with

"but just in terms of..."-18; page 45, line 25; page 46, lines 1-25; page 47, lines 1-7. Said portions of the deposition shall not be admitted at trial.

    2. Defendants shall confer with their videographer and arrange for editing of the trial deposition in accord with this Memorandum Order, prior to the commencement of trial scheduled to begin with jury selection on September 29, 2010.

<i>s/ Nora Barry Fischer</i><br>
Nora Barry Fischer<br>
United States District Judge

DATED:      September 17, 2010
CC/ECF:     All counsel of record.