**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON ROCCO, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1497 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| ANTHONY BODAMI, an individual, | ) | |
| and TITAN INDUSTRIES, LLC, | ) | |
| a New York Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER PERTAINING TO DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFF'S IMPAIRED EARNINGS CLAIM

**I.      INTRODUCTION**

Presently before the Court is Anthony Bodami and Titan Industries, LLC's (hereinafter "Defendants") Motion in Limine to preclude Jason Rocco (hereinafter "Plaintiff") from introducing (1) testimony from Plaintiff's economic expert, Donal Kirwan (hereinafter "Kirwan"), and (2) evidence that Plaintiff's injuries from the collision on November 2, 2006, ended his military and police career. (Docket No. 67).  Defendants seek to preclude Plaintiff from calling Kirwin as an expert witness because his opinions are not and cannot be based on any sufficient facts of record.  *Id*.  Moreover, Defendants seek to preclude Plaintiff from introducing evidence that the injuries resulting from the collision in question ended his military and police career because there is no evidence that he is unable to work as a police officer or that he has been rejected from re-enlisting in the Marine core.  *Id*.  Plaintiff argues that he should be able to provide testimony regarding his impaired future earnings claim because his injuries prevent him

1

from performing particular physical requirements necessary for gaining full-time employment as a police man or re-enlisting in the military. (Docket No. 74). Upon consideration of these submissions, Kirwan's report dated March 1, 2010. (Docket No. 49-2), and all documents reviewed by Kirwan in forming his opinion, including Dr. Shannon Thieroff's chiropractic report of March 1, 2007, and Plaintiff's deposition of January 22, 2009. *(Plaintiff's Depo. Jan. 22, 2009*), Defendants' Motion in Limine [67] is DENIED.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). Federal Rule of Evidence 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." FED. R. EVID. 702. Rule 702 obligates judges to act as a gatekeeper to ensure that any scientific testimony or evidence admitted is relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation. *Id*. at 598-90. Rule 702 requires that expert testimony be: (1) based on sufficient facts or data; (2) be the product of reliable methods; and (3) be applied reliably to the facts of the case. *In re Paoli R.R. Yard Litigation*, 35 F.3d 717, 741-43 (3d Cir. 1994). Moreover, a proper foundation for the expert's opinion is required. *Elcock v. Kmart Corp.*, 233 F.3d 734, 756 n. 13 (3d Cir. 2000).

## III.    DISCUSSION

Having reviewed Kirwan's report dated March 1, 2010 (Docket No. 49-2) and the

materials he reviewed in forming his expert opinion, this Court holds that Kirwan had sufficient

factual bases to form his opinion.  In forming his opinion, Kirwan reviewed a number of medical

reports. In accordance with Federal Rule of Civil Procedure 26(a)(2)(B), Kirwan notes that he

reviewed: (1) a report of radiology consultation from Allegheny General, dated November 2,

2006; (2) the medical records of Dr. Mark Baratz, dated November 8, 2006; (3) a report

following Plaintiff's MRI exam of his cervical spine, dated December 3, 2007; and (4) Plaintiff's

medical records from the Veterans' Administration.  (Docket No. 49-2).

In addition, Kirwan refers to Plaintiff's chiropractor's report of March 1, 2007.  (Docket

No. 49-2).  In Dr. Shannon Thieroff's report she notes that Plaintiff reported experiencing pain in

his neck, stiffness, and headaches.  *Id*.  Dr. Thieroff concludes her report by stating that it is her

opinion with a reasonable degree of professional certainty, that Plaintiff's injuries are a direct

result of the collision he sustained on November 2, 2006.  *Id*.

Kirwan also reviewed Plaintiff's deposition in forming his expert opinion.  (Docket No.

49-2).  Plaintiff claims that in 2008, he had every intent to re-enlist in the military. *(Plaintiff

Depo. Jan. 22, 2009* at 43).  Kirwan notes that Plaintiff had very good marks as a Marine and

was promoted to the rank of Sergeant as of January 1, 2006.  (Docket No. 49-2).  However,

Plaintiff stated that because of the neck and arm injury he suffered following the accident in

November 2006, he was not able to complete the physical fitness test for re-enlistment in the

military. (*Plaintiff Depo. Jan. 22, 2009* at 42).  Thus, Kirwan had a sufficient factual basis to

conclude that Plaintiff's injuries precluded him from re-enlisting in the Marine Corps.

3

Moreover, Plaintiff claims his injuries following the November 2006 accident have caused an end to his career as a full-time police man. *Id*. at 57. Plaintiff was on "light duty" at Stowe Township Police Department when his deposition was taken. *Id*. at 47. However, Plaintiff stated that because of his injuries he could no longer perform the duties and responsibilities of a patrolman. *Id*. at 47-48. Moreover, Plaintiff stated that his injuries kept him from taking part in the physical agility test when applying for a position in the McKees Rocks Police Department in 2008. *Id*. at 57. Thus, Kirwan had a sufficient factual basis to conclude that Plaintiff's injuries precluded him from gaining employment as a full-time police man.

In addition, Plaintiff stated that he had no sequelae from the 2005 injury. *Id*. at 61. Indeed, Plaintiff states that his hand, neck and back were fine before November 2006. *Id*. Hence, any problem in continuing work as a Marine or police man would be due to whatever injury he had suffered in the accident on November 2, 2006. Therefore, Kirwan's opinion is based on more than a subjective belief or speculation and he should be permitted to testify that Plaintiff's earnings are impaired because of the accident of November 2, 2006. Defendants may cross examine and test the weight of Kirwan's expert opinion at trial.

## IV.    CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion in Limine (Docket No. [67]) is DENIED. Kirwan may testify to the subject matter discussed herein and Defendants may cross examine and test the weight of Kirwan's expert opinion at trial.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

DATED:        September 24, 2010
CC/ECF:       All counsel of record.